UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

Othmane Berrhout,

        Plaintiff,

Case No. **26 - 4 1 8 - 4 1**

AleJandro Lara Campos,

        Defendant.

---

**COMPLAINT FOR: 1. COPYRIGHT INFRINGEMENT (17 U.S.C. § 501) 2. TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125(a)) 3. FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114) 4. FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION (15 U.S.C. § 1125(a)) 5. CYBERSQUATTING (15 U.S.C. § 1125(d))**

Othmane Berrhout, Plaintiff, ("Plaintiff' "),

Campos, Defendant ( "Defendant") and alleges as follows:

## PRELIMINARY STATEMENT

1.  This is a civil action for copyright infringement, trade dress infringement, trademark infringement, false designation of origin, unfair competition, and cybersquatting arising from Defendant's widespread and willful infringement of Fumi Case's valuable intellectual property rights.

2.  Defendant operates the website koicases.com, which is a deliberate and near-identical copy of Fumi Case's established brand and website, fumicase.com. Defendant has misappropriated Fumi Case's copyrighted product photography, mimicked its distinctive website trade dress, and used a confusingly similar logo, all in a bad-faith effort to trade on the goodwill and reputation established by Fumi Case.

3. This action is necessitated by Defendant's filing of a counter-notification pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(g), in response to Plaintiff's valid takedown notice. To prevent the infringing content from being restored and to halt Defendant's ongoing infringement, Plaintiff seeks injunctive relief, statutory damages, actual damages, and other remedies available under federal law.

**THE PARTIES**

4. Plaintiff is an individual and a resident of 153 avenue de flandre Paris, France with zip code 75019. Plaintiff does business as "Fumi Case" and operates the e-commerce website located at the domain https://fumicase.com

5. Plaintiff is the owner of Trade Mark "Fumi Case" and is the owner of the Alco Stodio llc and doing business in the United States and its located 1500 N Grant, St, STE C Denver Co 80203, US

6. Defendant is an individual and a resident of Calle el Drago 3, Edf Las Estrellas Apt 08, Costa Adeje, 38679 Santa Cruz de Tenerife (TF),Spain (ES). Upon information and belief, Defendant owns and operates the e-commerce website located at the domain https://koicases.com. Defendant has consented to the jurisdiction of this Court.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), as this action arises under the Copyright Act, 17 U.S.C. § 101, *et seq.*, and the Lanham Act, 15 U.S.C. § 1051, *et seq.*

8. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a) because Plaintiff's claims arise under Acts of Congress relating to copyrights and trademarks. This Court has jurisdiction over the related unfair competition claim under 28 U.S.C. § 1338(b).

9.  This Court has personal jurisdiction over Defendant because it is registered to do business in the United States, purposefully directs its commercial activities toward consumers in the United States and the State of Delaware through its interactive website, and/or has consented to jurisdiction in this forum.

10. This action is filed pursuant to 17 U.S.C. § 512(g)(2)(C) to obtain a court order restraining Defendant and its associate partner or agents from engaging in infringing activity relating to the copyrighted material previously removed from Shopify's system or network, thereby preventing the restoration of such infringing content.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because: (a) a substantial part of the events or omissions giving rise to the claims occurred in this district - specifically, Defendant's use of Shopify's Delaware-based platform to host and display infringing content; (b) Defendant's conduct systematic and continuous business in this district through Shopify; (c) Defendant consented to venue here through their DMCA counter-notification; and (d) Defendant is subject to personal jurisdiction in this district.

12. This Court has personal jurisdiction over Defendant pursuant to: a. EXPRESS CONSENT BY DMCA COUNTER-NOTIFICATION: Defendant consented to the jurisdiction of this Court when they filed a counter-notification pursuant to 17 U.S.C. § 512(g)(3)(D). In that counter-notification, Defendant expressly agreed to accept service of process from Plaintiff and, for purposes of this action, consented to the jurisdiction of this federal district. This Court has jurisdiction over Defendant under 10 Del. C. § 3104(c)(1) and (c)(3)-(4). Defendant has purposefully directed their commercial activities toward Delaware operating an interactive e-commerce website (koicases.com) that targets and serves consumers residing in Delaware; and

13. This Court has specific jurisdiction over Defendant because: (i) Defendant has purposefully availed themselves of the privilege of conducting activities within this forum by maintaining an interactive commercial website (koicases.com) available to and transacting business with residents of Delaware;

14. This Court has personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(2). Plaintiff's claims arise under federal law (Copyright Act and Lanham Act).

15. This action is filed pursuant to 17 U.S.C. § 512(g)(2)(C) to obtain a court order restraining Defendant from engaging in infringing activity relating to the copyrighted material previously removed from Shopify's system or network, thereby preventing the restoration of such infringing content.

## FACTUAL BACKGROUND

16. Plaintiff has invested significant time, effort, and resources in developing a unique brand identity in its mark, including its federally registered trademark, original product photography, and a distinctive website design.

17. Plaintiff is the owner of the United States Trademark Registration for the mark "FUMI CASE" (Serial No. 99532151). This mark is used in commerce to identify Fumi Case as the source of its high-quality products.

18. Plaintiff got all rights, title, and interest in and to the original product photographs and other creative content displayed on its website, fumicase.com (the "Copyrighted Works"). These works are original works protected under the Copyright Act.

19. Plaintiff has also developed a distinctive and non-functional trade dress in the "look and feel" of its website, fumicase.com. This trade dress includes the unique combination and arrangement of its website structure, layout, navigation, color

scheme, typography, product presentation style, and overall design aesthetic. This trade dress is a source-identifier for Fumi Case's brand.

20. Defendant operate koicases.com as a commercial enterprise that sells products in direct competition with Fumi Case.

21. Defendant is a resident of Spain. Despite their foreign residence, Defendant has purposefully availed themselves of the United States market, and specifically Delaware, by: (a) using Shopify, Inc. as their e-commerce platform; (b) agreeing to Shopify's Terms of Service which designate Delaware as the jurisdiction for dispute resolution; (c) conducting substantial business with U.S. consumers; and (d) filing a DMCA counter-notification expressly consenting to jurisdiction in an appropriate federal district.

22. Defendant, in a blatant and willful act of infringement, has copied substantial portions of Plaintiff's Fumi Case's intellectual property. Specifically, Defendant' website, koicases.com:

   a. Unlawfully reproduces, displays, and distributes exact copies of Fumi Case's Copyrighted Works to market and sell Defendant's own products.
   b. Utilizes a website design and layout that is confusingly similar to, and a direct copy of, Fumi Case's protected trade dress, creating an identical overall commercial impression.
   c. Employs a logo that is confusingly similar in design, color, and presentation to Fumi Case's registered "FUMI CASE" trademark and logo.
   d. Deliberately copies Fumi Case's successful business model, promotional materials, and commercial impression to unfairly compete and trade on Fumi Case's goodwill and reputation.

23. On or about March 31, 2026, Plaintiff sent a comprehensive cease and desist letter to Defendant and its associated partner, or agents, demanding that they cease all infringing activities within forty-eight (48) hours. Defendant failed to comply.

24. Subsequently, Plaintiff submitted a DMCA takedown notice to Shopify, Inc. ("Shopify"), the hosting provider for koicases.com, identifying the infringing use of its Copyrighted Works. Shopify removed the identified infringing content from Defendant's website.

25. On March 7, 2026, In response, Defendant submitted a counter-notification to Shopify pursuant to 17 U.S.C. § 512(g)(2). Defendant expressly consented to the jurisdiction of this federal district and agreed to accept service of process from Plaintiff.

26. On or about April 2, 2026, Shopify notified Plaintiff of the counter-notification and informed Plaintiff that, pursuant to 17 U.S.C. § 512(g)(2)(C), the removed content may be restored within ten to fourteen (10-14) business days unless Plaintiff files a legal action seeking a court order to restrain Defendant its associate partners or agents from engaging in the infringing activity.

27. Through Shopify's platform, Defendant has established systematic and continuous contacts with Delaware and the United States. Shopify is either incorporated in Delaware or maintains substantial business operations and contacts in Delaware, making this district an appropriate forum for this dispute.

28. Plaintiff files this action to prevent the restoration of the infringing content and to seek redress for all of Defendant's intellectual property infringements.

**COUNT I (Copyright Infringement – 17 U.S.C. § 501, *et seq.*)**

29. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 22 of this Complaint.

30. Defendant has, without the consent or authorization of Plaintiff, reproduced, publicly displayed, and distributed Plaintiff's Copyrighted Works on their website, koicases.com, in connection with the advertising and sale of competing products.

31. Defendant's unauthorized use of the Copyrighted Works constitutes copyright infringement in violation of Plaintiff's exclusive rights under 17 U.S.C. § 501.

32. Defendant's infringement has been and continues to be willful, intentional, and in disregard of Plaintiff's rights.

33. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered and will continue to suffer irreparable harm and is entitled to damages and injunctive relief. Pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to statutory damages of up to $150,000 for each work willfully infringed.

**COUNT II (Federal Trade Dress Infringement – 15 U.S.C. § 1125(a))**

34. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 33 of this Complaint.

35. The overall "look and feel" of Plaintiff's website, fumicase.com, constitutes a valid and protectable trade dress. This trade dress is comprised of a unique combination of elements, including its layout, color schemes, typography, graphic design, and style of product presentation.

36. Plaintiff's trade dress is inherently distinctive or, alternatively, has acquired distinctiveness and secondary meaning in the marketplace, such that consumers associate the trade dress exclusively with Fumi Case. The elements of the trade dress are non-functional.

37. A website's "look and feel" can be protected as trade dress. *See IT Strategies Grp., Inc. v. Allday Consulting Grp., LLC*, 975 F. Supp. 2d 1267 (S.D. Fla. 2013).

38. Defendant's website, koicases.com, intentionally copies the key elements of Plaintiff's trade dress, creating an overall appearance that is confusingly similar to fumicase.com.

39. Defendant's imitation of Plaintiff's trade dress is likely to cause confusion, mistake, or deception among consumers as to the affiliation, connection, or association of Defendant's with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and commercial activities. *See Children's Factory, Inc. v. Benee's Toys, Inc.,* 160 F.3d 489, 494 (8th Cir. 1998).

40. Defendant's actions constitute trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Defendant's infringement is willful and has caused and will continue to cause irreparable harm to Plaintiff's brand, goodwill, and reputation.

**COUNT III (Federal Trademark Infringement – 15 U.S.C. § 1114)**

42. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 41 of this Complaint.

43. Plaintiff is the owner of the valid and subsisting U.S. Trademark Registration for the mark "FUMI CASE" ( Registration Serial No. 99532151).

44. Defendant's, in commerce and without Plaintiff's consent, has used in connection with the sale and advertising of goods a mark and logo that are a reproduction, counterfeit, copy, or similar in design, pronunciation, colour of Plaintiff's registered mark.

45. Defendant's use of a confusingly similar logo is likely to cause confusion, mistake, or deception among consumers as to the source, sponsorship, or affiliation of Defendant's products.

46. Defendant's actions constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

47. Defendant's infringement is willful and has caused and will continue to cause irreparable harm to Plaintiff. Plaintiff is entitled to recover damages, Defendant's profits, and costs under 15 U.S.C. § 1117.

**COUNT IV (False Designation of Origin and Unfair Competition – 15 U.S.C. § 1125(a))**

48. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 47 of this Complaint.

49. Defendant's use in commerce of marks, trade dress, and copyrighted materials that are confusingly similar or identical to Plaintiff's constitutes a false designation of origin and a false and misleading representation of fact.

50. Defendant's conduct is likely to cause confusion and to deceive consumers into believing that Defendant's products and business are affiliated with, sponsored by, or endorsed by Plaintiff.

51. Defendant's wholesale copying of Plaintiff's business model, promotional materials, and overall commercial impression constitutes a bad-faith and deliberate effort to trade on the goodwill and reputation of the plaintiff's . This conduct constitutes unfair competition.

52. Defendant's actions violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53. As a direct and proximate result of Defendant's acts of unfair competition, Plaintiff has been and will continue to be irreparably harmed.

**COUNT V (Cybersquatting – 15 U.S.C. § 1125(d))**

54. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 53 of this Complaint.

55. Plaintiff's "FUMI CASE" mark is a distinctive mark that was distinctive at the time of the registration of the domain name koicases.com.

56. The domain name koicases.com is confusingly similar to Plaintiff's "FUMI CASE" mark.

57. Defendant's has a bad faith intent to profit from Plaintiff's mark. This bad faith is evidenced by, among other things: (a) Defendant's lack of intellectual property rights in the name; (b) the domain name's lack of relation to Defendant's legal name or common name; (c) Defendant's use of the domain name for a commercial website that directly competes with Plaintiff by using Plaintiff's own intellectual property; and (d) Defendant's intent to divert consumers from Plaintiff's website to their own site for commercial gain by creating a likelihood of confusion.

58. Defendant's registration and use of the koicases.com domain name constitute cybersquatting in violation of the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).

59. Plaintiff is entitled to appropriate relief, including the forfeiture or cancellation of the domain name or its transfer to Plaintiff, as well as statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant and , as follows:

A. A judgment that Defendant's has willfully infringed Plaintiff's copyrights in violation of 17 U.S.C. § 501, *et seq.*;

B. A judgment that Defendant's has willfully infringed Plaintiff's trade dress in violation of 15 U.S.C. § 1125(a);

C. A judgment that Defendant's has willfully infringed Plaintiff's registered trademark in violation of 15 U.S.C. § 1114;

D. A judgment that Defendant's has engaged in false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a);

E. A judgment that Defendant's has engaged in cybersquatting in violation of 15 U.S.C. § 1125(d);

F. An order permanently enjoining Defendant's, their agents, employees, and all others in active concert or participation with them, from: i. Reproducing, displaying, distributing, or otherwise using any of Plaintiff's Copyrighted Works; ii. Using any website design, logo, or other marketing material that is a copy of or confusingly similar to Plaintiff's trade dress and trademarks; iii. Otherwise infringing Plaintiff's intellectual property rights in any manner.

G. An award of statutory damages for Defendant's willful copyright infringement, up to $150,000 per work infringed, pursuant to 17 U.S.C. § 504(c);

H. Alternatively, an award of Plaintiff's actual damages and Defendant's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b) and 15 U.S.C. § 1117(a);

I. An order requiring Defendant's to account for and disgorge all profits earned from their infringing activities;

J. An award to Plaintiff fully covered the costs of this action,.

K. An order pursuant to 17 U.S.C. § 512(g)(2)(C) restraining Defendant from engaging in infringing activity relating to the material on Shopify Inc.'s system or network, and directing that the removed infringing content not be restored and directing Shopify to maintain the removal of the infringing content pending final resolution of this action.

L.Such other and further relief as the Court may deem just and proper.


Dated:  April 9, 2026

Respectfully submitted,


Othmane Berrhout

*Plaintiff, Pro Se*